

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE   :

EXTRADITION OF ROBERT GORDON : MAGISTRATE NO. 08-1112 M

          :

FILED

AUG 1 9 2008

MICHAEL E. KUNZ, Clerk

### COMPLAINT
### (18 U.S.C. § 3184)

I, Kevin R. Brenner, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I act for and on behalf of the Government of the United Kingdom of Great Britain and Northern Ireland ("United Kingdom" or the "Requesting State"). The information contained in this Complaint is based on information provided by authorities in the United Kingdom.

2. The extradition provisions in force between the United States and the United Kingdom are found in the Treaty on Extradition between the United States of America and the United Kingdom of Great Britain and Northern Ireland, signed on March 31, 2003 (Treaty Doc. 108-23) ("the Treaty", a copy of which is included in the attached group Exhibit A).

3. Pursuant to the Treaty, the United Kingdom has submitted a request through diplomatic channels for the extradition of Robert Gordon, a person believed to be a citizen of the United Kingdom, and living in the United States.

4. <u>Foreign charges</u>. Robert Gordon is duly and legally charged with having committed, in the jurisdiction of the Requesting State, the following crimes:

  (1) Indecent assault on a female person age 11 years, committed between March 27, 1973 and March 28, 1974, contrary to Section 14(1) of the Sexual Offences Act 1956 of the United Kingdom of Great Britain, carrying a maximum penalty of five (5) years imprisonment.

  (2) Indecent assault on a female person age 11 years, committed between March 27, 1973 and March 28, 1974, contrary to Section 14(1) of the Sexual Offences Act 1956 of the United Kingdom of Great Britain, carrying a maximum penalty of five (5) years imprisonment.

  (3) Indecent assault on a female person age 11 years, committed between March 27, 1973 and March 28, 1974, contrary to Section 14(1) of the Sexual Offences Act 1956 of the United Kingdom of Great Britain, carrying a

maximum penalty of five (5) years imprisonment.

(4)     Committing an act of gross indecency with or towards a child under the age of 16 years, between March 27, 1973 and December 31, 1975, contrary to Section 1(1) of the Indecency with Children Act 1960 of the United Kingdom of Great Britain, carrying a maximum penalty of two (2) years imprisonment.

(5)     Inciting a child under the age of 16 years to commit an act of gross indecency, committed between March 27, 1976 and March 28, 1977, contrary to Section 1(1) of the Indecency with Children Act 1960 of the United Kingdom of Great Britain, carrying a maximum penalty of two (2) years imprisonment.

(6)     Indecent assault on a female person aged 14 years, committed between March 27, 1976 and March 28, 1977, contrary to Section 14(1) of the Sexual Offences Act 1956 of the United Kingdom of Great Britain, carrying a maximum penalty of two (2) years imprisonment.

Article 2 of the Treaty defines extraditable offenses as those punishable under the laws in both States by a period of one year or more, or any greater punishment. The conduct in question is punishable in the United States by imprisonment for one year or more under 18 U.S.C. § 2244 (abusive sexual contact). The conduct in question is punishable in the Commonwealth of Pennsylvania by imprisonment for one year or more under 18 Pa.C.S.A. § 3126 (indecent assault), 18 Pa.C.S.A. § 3127 (indecent exposure), and 18 Pa.C.S.A. § 6301 (corruption of minors).

Article 6 of the Treaty provides that the decision of the Requested State (here, the United States) whether to grant the request for extradition shall be made without regard to any statute of limitations in either the United States or the United Kingdom. Furthermore, there is no statute of limitations pertaining to the offenses in question under the criminal laws of England and Wales. The statute of limitations period in the United States, if any, is not relevant to this analysis.

5.     Foreign arrest warrant. On February 18, 2008, a Justice of the Peace at the South and South East Hampshire Magistrates Court issued a warrant for the arrest of Robert Gordon, who is believed to be residing in the Eastern District of Pennsylvania, within the City of Philadelphia, Philadelphia County, Pennsylvania. A copy of the warrant is included within group Exhibit B.

6.     Facts underlying foreign charges. According to an investigation by authorities of the Requesting State, primarily supported by statements of the victim and two witnesses, Robert Gordon engaged in indecent sexual acts with a child. Specifically, Robert Gordon is charged with four counts of indecent assault, one count of gross indecency with a child, and one count of inciting a child to commit gross indecency, against Mary Theresa Carolan, committed between March 27, 1973 and March 28, 1977. Mary Carolan was born March 27, 1962, and was 11 and 14 years old at the time the offenses were committed. Gordon was born February 22, 1955.

Mary Carolan provided a statement to British law enforcement officials on or about March 30, 2007. She stated that when she was 11 years old, she lived in Hampshire, England with her parents, younger sister Brigit, older sister Ellen, and Ellen's husband, Robert Gordon, whom she would call "Bob". On an occasion between March 27, 1973 and March 28, 1974, Mary walked into the bedroom shared by Ellen and Gordon, while Gordon was getting dressed. Gordon took Mary's hand and placed it on his penis, over his underwear. Mary could feel that Gordon's penis was hard. Gordon then ordered Mary to touch her vagina to see if it was "wet". She did not understand this but did as he asked because he was an adult; she told him her vagina was wet because she was afraid to tell him otherwise.

On another occasion between March 27, 1973 and March 28, 1974, Gordon stood in front of Mary in her bedroom, pushed his erect penis between her legs, next to her vagina, and stated: "This is what it will feel like before you have sex." Mary recalled seeing Gordon's erect penis and being afraid.

On another occasion between March 27, 1973 and March 28, 1974, Gordon "french kissed" Mary in Mary's bedroom, sticking his tongue in her mouth, while she attempted to pull away.

On another occasion between March 27, 1973 and March 28, 1974, when Mary was standing by her open bedroom door, she witnessed Gordon in the bathroom, rubbing his erect penis while looking at her. He ejaculated into his hand. He then walked towards Mary and held out his and told Mary to smell it; she did not want to but was afraid and so smelt it.

After the incidents described above, Gordon emigrated to Canada. When Mary was approximately 13 years old, she told Carol McEwan, a friend of hers, about these incidents.

Gordon returned to England for a period of about one month between March 27, 1976 and March 28, 1977. On an occasion between March 27, 1976 and March 28, 1977, while Mary was in or near a vehicle Gordon was driving, Gordon asked Mary if he could break her virginity. Mary and Gordon then went inside a house, and Gordon entered a room in which Mary was located and grabbed her breasts over her clothing. Subsequent to this incident, and sometime between March 27, 1976 and March 28, 1977, Gordon asked Mary whether she had thought about having sex with him.

Carol Thompson, whose maiden name was Carol McEwen, provided a statement to British law enforcement officials on or about March 28, 2007. Thompson stated that growing up, she and Mary Carolan were friends. While they were children, Mary told Thompson of different things "Bob" had done to her, including playing with himself in front of her and placing Mary's hand on his penis. Although Thompson did not give Bob's full name, she stated that he was the boyfriend and later the husband of Mary's sister Ellen, with whom she emigrated to Canada.

Brigit Harris, Mary Carolan's younger sister, was interviewed by an investigator with the Arlington Heights Police Department, State of Illinois, on or about October 30, 2006. Harris stated

that when she was a young girl, Mary told her that Gordon came into her bedroom, undid his underwear and played with his genitals until he ejaculated. Mary also told Harris that Gordon made her touch his genitals, and told her that he wanted to be the first man she had sex with.

7.    Robert Gordon's presence in the United States. Robert Gordon may be found within the jurisdiction of this Court at 2820 Fanshawe Street, Philadelphia, Pennsylvania, 19149.

8.    Robert Gordon's description. Robert Gordon is a citizen of the United Kingdom, born on February 22, 1955. He is described as a white male, standing approximately 5'10" tall, with brown hair. A photograph of Robert Gordon is included in group Exhibit B, as is a sworn statement by Mary Carolan in which she identifies Robert Gordon as the person in that photograph.

9.    Extradition request. Gregory B. Wierzynski, an attorney in the Office of the Legal Adviser of the United States Department of State, has provided the Department of Justice with a Declaration, attached to which is a true copy of Diplomatic Note (No. 31/08, dated April 21, 2008) by which the request for extradition was made. The Diplomatic Note, Declaration, and a copy of the Treaty, marked collectively as Exhibit A, are filed with this Complaint and incorporated by reference.

10.    The documents in support of extradition are properly certified by the principal American diplomatic or consular officer in the United Kingdom of Great Britain, in accordance with Article 9 of the Treaty and Title 18, United States Code, Section 3190, so as to enable them to be received in evidence. The Certification and documents supporting the extradition request (including depositions, the warrant of arrest, and a photograph of Robert Gordon), marked collectively as Exhibit B, are filed with this Complaint and incorporated by reference.

WHEREFORE, the undersigned complainant requests that a warrant be issued in accordance with the Extradition Treaty between the United States and the United Kingdom of Great Britain and Northern Ireland and Title 18, United States Code, Section 3184, so that the fugitive may be arrested and brought before this court "to the end that the evidence of criminality may be heard and considered."

Respectfully submitted,

LAURIE MAGID
*Acting United States Attorney*

KEVIN R. BRENNER
Assistant United States Attorney

4

Sworn to before me and subscribed in my presence this 19 day of August, 2008, AND A WARRANT SHALL ISSUE.

DATED: 8/19/08

BY THE COURT:

HONORABLE TIMOTHY R. RICE
*United States Magistrate Judge*