IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE | : |
| | : MAGISTRATE NO. 08-1112 |
| EXTRADITION OF ROBERT GORDON | : |

### GOVERNMENT'S MEMORANDUM ADDRESSING WHETHER THE COURT HAS JURISDICTION OVER ROBERT GORDON'S PETITION FOR EXPUNGEMENT

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Kevin R. Brenner, Assistant United States Attorney for the district, respectfully submits this memorandum pursuant to the Court's August 23, 2010 Order requiring each party to submit a brief addressing whether the Court has jurisdiction over Robert Gordon's Petition for Expungement. For the reasons explained below, the Court does not have jurisdiction over Gordon's petition.

I.      **Factual Background.**

On February 18, 2008, a Justice of the Peace at the South and South East Hampshire Magistrates Court in Great Britain issued an arrest warrant for Petitioner Robert Gordon. The British Magistrate Court had charged Gordon, who was at that time residing in Philadelphia, Pennsylvania, with indecent assault, gross indecency with a child, and inciting a child to commit gross indecency, for acts that he allegedly committed between the years 1973 and 1977. The Government of the United Kingdom of Great Britain and Northern Ireland then sought Gordon's extradition pursuant to its extradition treaty with the United States, signed on March 31, 2003 (Treaty Doc. 108-23), and to federal legislation implementing such treaties, 18 U.S.C. § 3184 *et seq.* Article 2 of the treaty provides for the extradition of persons accused of

certain crimes, including the crimes of which Gordon was charged.

The United States government therefore prepared an extradition complaint on behalf of the Government of the United Kingdom of Great Britain and Northern Ireland, and on August 19, 2008, the Honorable United States Magistrate Judge Timothy R. Rice issued a warrant for Gordon's arrest. Gordon was arrested on August 20, 2008, and his initial appearance was held the following day. On August 22, 2008, Gordon, who was then represented by attorney Margaret M. Grasso, appeared in Magistrate's Court and, in lieu of contesting his extradition, signed an Affidavit of Waiver of Extradition, a copy of which is attached as Exhibit A. In his Affidavit, Gordon: (1) admitted that he was the individual against whom charges were pending in the United Kingdom and for whom process was outstanding there; (2) averred that he fully understood that in the absence of a waiver of rights, he could not be compelled to return to the United Kingdom unless and until a court in the United States issued a ruling certifying his extraditability and the Secretary of State of the United States ordered his extradition; (3) averred that he reviewed the complaint and understood his right to a hearing at which he and his attorney could challenge the extradition request; (4) averred that he understood that pursuant to Title 18, United States Code, Section 3184, he was entitled to a hearing at which a number of facts would need to be established, including that probable cause existed that he committed the offenses for which extradition was requested; and (5) waived his rights under the extradition treaty and the applicable sections of Title 18, United States Code, and agreed to be transported in custody, as soon as possible, to the United Kingdom. See Ex. A.

Gordon was subsequently removed to the United Kingdom and, following a trial there in or around December 2008, acquitted on all counts.

On or about March 9, 2010, Gordon filed a Petition for Expungement in this Court, by which he requested an order expunging all records pertaining to his arrest and extradition. On August 23, 2010, this Court issued an order requiring the parties to brief the issue of whether the Court has jurisdiction to consider Gordon's expungement petition, given the Third Circuit's decision in United States v. Rowlands, 451 F.3d 173, 178 (3d Cir. 2006), cert denied, 549 U.S. 1032 (2006), and the fact that Gordon has not challenged the validity of the underlying arrest.

## II.   Argument.

This Court lacks jurisdiction over Gordon's expungement petition because Gordon has not challenged the validity of the underlying arrest. The Rowlands court considered the analogous question of whether federal courts have the power to authorize expungement of a criminal record where the legality of the underlying criminal conviction is not challenged. Id. at 174. Rowlands was a public official who accepted a bribe, and, after a trial, was convicted of multiple offenses including extortion. Id. at 175. The District Court initially sentenced Rowlands to eight years in prison, but reduced Rowlands's sentence to time served after he had served only ten months, based largely on Rowlands's post-sentencing cooperation efforts. Id. Rowland was released from prison in 1983. In 1990, he sought reinstatement of his teaching certificate, which had been revoked by operation of New Jersey law due to his conviction. In 2005, the New Jersey State Board of Examiners declined to reinstate Rowland's teaching certificate or to recertify him, notwithstanding that he had been gainfully employed for the preceding 22 years, and notwithstanding that the Assistant United States Attorneys who had prosecuted him wrote favorable letters on his behalf. Id.

In January 2005, Rowlands petitioned the U.S. District Court for the District of New Jersey for expungement of his criminal record. The District Court dismissed his petition, concluding that neither its inherent equitable powers nor the All Writs Act vested it with jurisdiction. Id. at 176. Rowlands appealed, arguing that because his defense attorney had not been present at his sentencing reduction hearing, the issue of whether his conviction should serve as a permanent forfeiture of his license had not been raised. Id. The Third Circuit affirmed the dismissal of Rowlands's petition. Id. at 179. The Court of Appeals explained that in this Circuit, jurisdiction over expungement petitions exists "only when the validity of the underlying criminal proceeding is challenged." Id. at 178. Accord United States v. Boniella, No. 07-3948, 2008 WL 4636355, *1 (3d Cir. Oct. 21, 2008) (not precedential) ("[N]either this Court nor the District Court has jurisdiction to seal or expunge a conviction where there is no challenge to the validity of the conviction or arrest.") Rowlands's equitable challenge did not contest his arrest or conviction, such that jurisdiction over his petition was lacking. Id.

Here, Gordon seeks expungement because he was acquitted of the subject charges and the underlying allegations were old, allegedly unreliable, and of a particularly humiliating character. But Gordon, much like Rowlands, has not challenged the validity of the underlying criminal proceeding, which in this Court is his arrest and extradition. Nor can Gordon plausibly make such a challenge, as he signed an Affidavit of Waiver of Extradition (see Exhibit A) in which he expressly waived his rights to contest the extradition, including on the basis that the complaint lacked probable cause. Thus, the equities of Gordon's claims notwithstanding, under Rowlands, the Court simply does not have jurisdiction to grant the relief requested.

4

## III. Conclusion.

The Government respectfully contends that the Court lacks jurisdiction over Robert Gordon's Petition for Expungement, and therefore the Petition should be dismissed.

Respectfully Submitted,

ZANE DAVID MEMEGER
United States Attorney

_/s/ KBS_

KEVIN R. BRENNER
Assistant United States Attorney

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE                :

EXTRADITION OF ROBERT GORDON        :   MAGISTRATE NO. 08-1112 M

                                    :

**FILED**
AUG 22 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## AFFIDAVIT OF WAIVER OF EXTRADITION

I, Robert Gordon, having been fully informed by my attorney, Maggie Grasso, of my rights under the extradition treaty in force between the United States and the United Kingdom of Great Britain and Northern Ireland ("United Kingdom"), and Title 18, United States Code, § 3184 et seq., do hereby waive any and all such rights and ask the Court to expedite my return, in custody, to the United Kingdom.

My attorney, with whose services I am satisfied, has explained to me the terms of the extradition treaty in force between the United States and the United Kingdom, the applicable sections of Title 18, United States Code, and the complaint filed by the United States Attorney on behalf of the Government of the United Kingdom. I understand that, pursuant to Title 18, United States Code, Section 3184, I am entitled to a hearing at which certain facts would need to be established, including:

– that currently there is an extradition treaty in force between the United States and the United Kingdom;

– that the treaty covers the offenses for which my extradition was requested;

– that I am the person whose extradition is sought by the United Kingdom; and

– that probable cause exists to believe that I committed the offenses for which extradition was requested.

I concede that I am the individual against whom charges are pending in the United Kingdom and for whom process is outstanding there. I fully understand that in the absence of a waiver of my rights, I cannot be compelled to return to the United Kingdom unless and until a court in the United States issues a ruling certifying my extraditability and the Secretary of State of the United States orders my extradition by issuing a warrant of surrender.

I have reviewed the complaint and I fully understand my right to a hearing at which my counsel and I could challenge the extradition request presented by the Government of the United Kingdom.

I hereby waive my rights under the extradition treaty and the applicable sections of Title 18, United States Code, and agree to be transported in custody, as soon as possible, to the United Kingdom. No representative, official, or officer of the United States or of the Government of the United Kingdom, nor any person whomsoever, has made any promise or offered any other form of inducement nor made any threat or exercised any form of intimidation against me. I execute this waiver of rights knowingly, voluntarily and entirely of my own free will and accord.

Dated this 22nd day of August, 2008.

_____
Robert Gordon

_____
Maggie Grasso
Attorney for Robert Gordon

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via first class mail and through ECF upon

        Margaret M. Grasso, Esq.
        230 South Broad Street
        Suite 503
        Philadelphia, PA 19102

        KEVIN R. BRENNER
        Assistant United States Attorney

Dated: August 30, 2010